MARK J. CONNOT (10010)
COLLEEN E. MCCARTY (13186)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Ste. 700
Las Vegas, Nevada 89135
(702) 262-6899 tel
(702) 597-5503 fax
mconnot@foxrothschild.com
cmccarty@foxrothschild.com
*Counsel for Defendants Zachary K. Bradford,*
*Lori L. Love, S. Matthew Schultz, Roger P. Beynon,*
*Larry McNeill, Thomas L. Wood, and*
*Nominal Defendant CleanSpark, Inc.*

[Additional counsel on signature block page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE CLEANSPARK, INC. DERIVATIVE LITIGATION, <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No.:  2:21-cv-01004-GMN-BNW <br><br> **AMENDED JOINT RULE 26(F) CONFERENCE REPORT AND JOINT [PROPOSED] DISCOVERY PLAN** <br><br> **SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiffs Andrea Ciceri and Mark Perna, both derivatively on behalf of CleanSpark, Inc. ("Plaintiffs") and defendants Zachary K. Bradford ("Bradford"), Lori L. Love ("Love"), S. Matthew Schultz ("Schultz"), Roger P. Beynon ("Beynon"), Larry McNeill ("McNeill"), Thomas L. Wood ("Wood") (collectively, the "Individual Defendants") and nominal defendant CleanSpark, Inc. ("CleanSpark") (collectively, with the Individual Defendants, "Defendants," and collectively, with Plaintiffs, the "Parties") hereby submit this Amended Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Parties' Joint Stipulation and Order Extending Deadline to Submit a Proposed Schedule endorsed by the Court on March 13, 2023. Special scheduling review is respectfully requested due to the additional time requested by the Parties for the discovery cut-off date, as set forth more fully below.

100085735.4

## RELEVANT PROCEDURAL HISTORY

This consolidated action and two recently filed, related shareholder derivative actions involve claims for damages related to the Individual Defendants' alleged mismanagement of CleanSpark.  All four actions bring derivative claims turning on substantial questions of federal law.

**The Six Related Actions**:

On May 26, 2021, plaintiff Andrea Ciceri filed a shareholder derivative action on behalf of nominal defendant CleanSpark in the United States District Court for the District of Nevada, captioned *Ciceri v. Bradford, et al.*, Case No. 2:21-cv-01004-GMN-BNW (the "First Case").  The First Case was assigned to this Court.

On June 22, 2021, plaintiff Mark Perna filed a second shareholder derivative action on behalf of nominal defendant CleanSpark in the United States District Court for the District of Nevada, captioned *Perna v. Bradford, et al.*, Case No. 2:21-cv-01181-GMN-BNW (the "Second Case").  The Second Case was also assigned to this Court.

On June 29, 2021, this Court consolidated the First Case and the Second Case into the above-captioned action (the "Consolidated Action") and designated the complaint filed in the First Case as the operative complaint pursuant to a Joint Stipulation and Order Consolidating Related Actions and Appointing Co-Lead Counsel (the "Consolidation Order") (ECF No. 10).

Paragraph 11 of the Consolidation Order provides as follows:

> This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court ("Potential Subsequent Related Derivative Action"). When a shareholder derivative action that properly belongs as part of *In re CleanSpark, Inc. Derivative Litigation*, Lead Case No. 2:21-cv-01004-GMN-BNW, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re CleanSpark, Inc. Derivative Litigation*,

Lead Case No. 2:21-cv-01004-GMN-BNW, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to Potential Subsequent Related Derivative Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

On February 24, 2023, plaintiff Nicholas Iraci filed a third shareholder derivative action on behalf of nominal defendant CleanSpark in the Eighth Judicial District Court of the State of Nevada in and for Clark County, captioned *Iraci v. Bradford, et al.*, Case No. A-23-866172-C (the "Third Case").

On February 28, 2023, defendant Schultz filed a Petition for Removal and Notice of Petition for Removal, removing the Third Case to the United States District Court for the District of Nevada.  The Third Case is now pending in the United States District Court for the District of Nevada before the Honorable Jennifer A. Dorsey, captioned *Iraci v. Bradford, et al.*, Case No. 2:23-cv-00315-JAD-NJK.  On March 6, 2023, defendant Schultz filed a Notice of Related Case, requesting that the Third Case be transferred to this Court and added to the Consolidated Action.

On March 1, 2023, plaintiff Eric Atanasoff filed a fourth shareholder derivative action on behalf of nominal defendant CleanSpark in the Eighth Judicial District Court of the State of Nevada in and for Clark County, captioned *Atanasoff v. Bradford, et al.*, Case No. A-23-866492-C (the "Fourth Case").

On March 7, 2023, defendant Schultz filed a Petition for Removal and Notice of Petition for Removal, removing the Fourth Case to the United States District Court for the District of Nevada.  The Fourth Case is now pending in the United States District Court for the District of Nevada before the Honorable Anne R. Traum, captioned *Atanasoff v. Bradford, et al.*, Case No. 2:23-cv-00358-ART-BNW.  On March 9, 2023, defendant Schultz filed a Notice of Related Case, requesting that the Fourth Case be transferred to this Court and added to the Consolidated Action.

On February 21, 2013, plaintiff Brandon Smith filed a shareholder derivative action on behalf of nominal defendant CleanSpark in the Eighth Judicial District Court of the State of

3

Nevada in and for Clark County, captioned *Smith v. Bradford, et al.*, Case No. A-23-866051-C (the "Fifth Case").

On March 23, 2023, Defendants filed a Petition for Removal and Notice of Removal, removing the Fifth Case to the United States District Court for the District of Nevada.  The Fifth Case is now pending in the United States District Court for the District of Nevada before Judge Navarro, captioned *Smith v. Bradford, et al.*, Case No. 2:23-cv-00445-GMN-BNW.

On March 8, 2023, plaintiff Travis France filed a shareholder derivative action on behalf of nominal defendant CleanSpark in the Eighth Judicial District Court of the State of Nevada in and for Clark County, captioned *France v. Bradford, et al.*, Case No. A-23-866925-C (the "Sixth Case" and together with the Third, Fourth, and Fifth Cases and the Consolidated Action, the "Six Related Actions").

On March 23, 2023, Defendants filed a Petition for Removal and Notice of Removal, removing the Sixth Case to the United States District Court for the District of Nevada. The Sixth Case is now pending in the United States District Court for the District of Nevada before Judge Navarro, captioned *France v. Bradford, et al.*, Case No. 2:23-cv-00444-GMN-NJK.  On March 24, 2023, Defendants filed a Notice of Related Case, requesting that the Fifth Case be transferred to Judge Navarro and added to the Consolidated Action.

On March 24, 2023, Defendants filed Defendants' Motion to Consolidate in the Consolidated Action, with notifications for the Third, Fourth, Fifth, and Sixth Cases, requesting that those cases be consolidated with the Consolidated Action.

The Six Related Actions are all derivative actions brought on behalf of nominal defendant CleanSpark, and all cases involve significantly overlapping defendants:  Bradford, Schultz, Beynon, McNeill, and Wood.[1]  Given that the Six Related Actions are all derivative actions, they all also ask the Court to afford relief to the same party:  CleanSpark.

---

[1]  Lori Love, a defendant in the Consolidated Action and Third Case, is not named as a defendant in the Fourth Case.  Amer Tadayon, a defendant in the Sixth Case, is not named as a defendant in any other case.  All other defendants are the same in the Six Related Actions.

Moreover, the Six Related Actions all allege, among other things, that Defendants made material misstatements and omissions in the same public statements and regarding the same event: *i.e.*, CleanSpark's acquisition of ATL Data Centers, Inc.  In making these claims, the Six Related Actions also rely heavily on the same reports by a short-seller, Culper Research, to support their claims.  The Six Related Actions also allege overlapping causes of action in connection with the above-alleged acts and omissions: i.e., (i) the Consolidated Action alleges breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets; (ii) the Third Case alleges breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment; and (iii) the Fourth Case alleges breach of fiduciary duty and unjust enrichment.

Accordingly, the Six Related Actions involve identical and/or overlapping factual and legal issues, events, and questions of law, as well as duplicative claims.

For these reasons, it is the Parties' position that the Third, Fourth, Fifth, and Sixth Cases are "Potential Subsequent Related Derivative Actions" pursuant to paragraph 11 of the Consolidation Order and are therefore subject to its terms and to all orders entered in the Consolidated Action.

**The Consolidated Action:**

On January 21, 2022, the Court entered the Parties' Joint Stipulation and [Proposed] Order to Stay this Matter pending resolution of the motion to dismiss filed by all defendants in a securities class action currently pending before the Hon. Loretta Preska in the Southern District of New York, *Bishins v. CleanSpark, Inc. et al.*, No. 21-cv-511 (LAP) (the "Securities Class Action"). (ECF No. 39).

On November 23, 2021, Plaintiffs served Plaintiffs' First Request for Production of Documents and Notices of Depositions.  On January 11, 2019, Defendants served responses and objections to Plaintiffs' First Request for Production of Documents.

On January 5, 2023, the court in the Securities Class Action issued an Opinion and Order denying the defendants' motion to dismiss, which terminated the stay in this matter by its own

terms.

The Parties reserve the right to move for dismissal and/or a stay of these proceedings in whole or in part.

### PROPOSED DISCOVERY PLAN

On January 13, 2023, February 24, 2023, March 6, 2023, and March 29, 2023, the Parties, by and through their respective counsel of record, met and conferred by telephone as required by the Order Extending Deadline to Submit a Proposed Schedule. After additional discussions, the Parties subsequently agreed upon the following:

Number of Days Required for Discovery:  The parties respectfully request that the Court enter a discovery cut-off date of Monday, February 5, 2024, which is 292 days from the date on which Defendants are due to file their anticipated motion to dismiss in response to Plaintiffs' complaint.  The Parties respectfully submit that the additional time beyond the one-hundred-eighty (180) days anticipated by Local Rule ("LR") 26-2 will better accommodate the complexity of the matter.  Specifically, the Parties anticipate that they will need to retain multiple experts – on financial markets, forensic accounting, and crypto currency, among others – each of which will need to prepare expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) and then be deposed.  Moreover, the Parties anticipate needing to interview and/or depose multiple fact witnesses, the majority of whom are located in the western United States, while counsel for the Parties are located in New York.  This will necessitate frequent and lengthy travel.

Amending the Pleadings and Adding Parties:  The Parties do not anticipate joining additional parties at this time.  The Parties believe that it is premature before discovery to anticipate whether additional claims may need to be added into this action.  If it is discovered that different or additional parties are responsible for the subject claims, or that additional claims exist that should be included in this litigation, including possible counterclaims, the Parties will seek to add those parties as defendants and/or add the additional claims in this action, either by stipulation to do so by amended pleadings, or through a motion to amend the pleadings, as needed.  The Parties agree the date of filing motions to amend the pleadings or to add parties shall not be later than

ninety (90) days prior to the close of discovery pursuant to LR 26-1(e)(2), *i.e.*, November 7, 2023.

Fed. R. Civ. P. 26(a)(2) Expert Disclosures:   The Parties agree that the time deadlines specified in Fed. R. Civ. P. 26(a)(2)(C) for initial disclosures concerning experts shall not be later than sixty (60) days prior to the close of discovery pursuant to LR 26-1(b)(3), *i.e.*, December 7, 2023.  Rebuttal expert disclosures shall be made 32 days after the initial disclosure of experts, *i.e.*, January 8, 2024.

Dispositive Motions:   On October 26, 2021, Magistrate Judge Brenda Weksler held a hearing in which she set a deadline for Plaintiffs in the Consolidated Action to file an amended complaint and for briefing Defendants' anticipated motion to dismiss. (ECF No. 32). On November 26, 2021, Plaintiffs notified the Court and Defendants that they would not be amending their complaint. (ECF No. 36).  Pursuant to a stipulation, dated January 19, 2022, the Parties had agreed to stay the Consolidated Action.  Now that the stay is lifted, the Parties intend to submit a stipulation to be so-ordered containing a briefing schedule for Defendants' anticipated motion to dismiss.

The Parties agree that the date for filing dispositive motions shall be not later than forty-five (45) days after the discovery cut-off date, *i.e.*, March 21, 2024.  The Parties respectfully submit that the additional time beyond the thirty (30) days anticipated by LR 26-1(b)(4) will better accommodate the complexity of the case.

Pretrial Order:   The Parties agree that pursuant to LR 26-1(b)(5), the Joint Pretrial Order shall be filed not later than (32) days after the deadline for filing dispositive motions, *i.e.*, April 22, 2024.  In accordance with LR 26-1(b)(6), the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Joint Pretrial Order.   In the event dispositive motions are filed, the date for filing the Joint Pretrial Order, including the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto, shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.

Extensions of Scheduled Deadlines:   In accordance with LR 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the expiration of the subject deadline.

<u>Subjects for Discovery</u>:  The Parties agree that discovery may be had on all claims, issues, or defenses raised in the pleadings.  At this time, the Parties do not anticipate conducting discovery in phases.

<u>Alternative Dispute Resolution</u>. The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution ("ADR") processes including mediation, arbitration, and if applicable, early neutral evaluation, and agree that ADR is premature at this time.

<u>Alternative Forms of Case Disposition</u>. The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) and do not consent to the use of either procedure at this time.

<u>Electronic Evidence</u>:   The Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties reserve the right to present evidence in electronic format to jurors for the purposes of jury deliberations, but have reached no stipulations yet concerning providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

<u>Electronically Stored Information ("ESI")</u>: The Parties anticipate entering into a stipulation governing the disclosure of ESI prior to their first production or exchange of documents.

<u>Privilege Preservation Order</u>: The Parties reserve the right to seek a preservation order under Federal Rule of Evidence 502, but believe such order is premature at this time.

<u>Protective Order</u>: The Parties anticipate entering into a Stipulated Protective Order to protect the confidentiality of materials that are normally kept confidential by the parties, either for proprietary, commercially competitive reasons and/or to comply with HIPAA and other federal and state privacy grounds.  At this time, the Parties do not see the need to request the Court to enter any protective orders other than the Stipulated Protective Order, which the Parties intend to submit prior to their first production or exchange of documents.

<u>Scheduling Order</u>: The Parties reserve the right to seek modification of this Amended Joint Discovery Plan or any other scheduling order issued by the Court and to seek such other and further

relief under Rule 16 as may be appropriate.  Defendants respectfully submit that changes to this Amended Joint Discovery Plan may be required depending on the amount of time it takes to resolve the anticipated challenges to the pleadings if, for example, the Court grants the anticipated motion to dismiss but allows Plaintiffs further leave to amend.

Discovery and Motion Dates:

| | | |
|---|---|---|
| A. | Close of Discovery: | February 5, 2024 |
| B. | Motions to Amend Pleadings or Add Parties: | November 7, 2023 (90 days before discovery cut-off) |
| C. | Initial Experts: | December 7, 2023 (60 days before discovery cut-off) |
| D. | Rebuttal Experts: | January 8, 2024 (32 days after initial disclosure of experts) |
| E. | Final Date to File Dispositive Motions: | March 21, 2024 (45 days after discovery cut-off) |
| F. | Joint Pretrial Order: | April 22, 2024 (32 days after date set for dispositive motions) |

*[signatures on following page]*

9

1

Respectfully submitted,

2

DATED: March 29, 2023

3

/s/ Patrick R. Leverty

Patrick R. Leverty

4

**LEVERTY & ASSOCIATES LAW CHTD.**

Reno Gould House

5

832 Willow Street

Reno, NV 89502

6

Telephone: (775) 322-6636

Facsimile: (775) 322-3953

7

Email: pat@levertylaw.com

8

*Liaison Counsel for Plaintiffs*

9

**THE BROWN LAW FIRM, P.C.**

Timothy Brown (*pro hac vice*)

10

767 Third Avenue, Suite 2501

New York, NY 10017

11

Telephone: (516) 922-5427

Facsimile: (516) 344-6204

12

Email: tbrown@thebrownlawfirm.net

13

*Co-Lead Counsel for Plaintiffs*

14

15

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim (*pro hac vice*)

16

275 Madison Avenue, 40th Floor

New York, NY 10016

17

Telephone: (212) 686-1060

Facsimile: (212) 202-3827

18

Email: pkim@rosenlegal.com

19

*Co-Lead Counsel for Plaintiffs*

20

DATED: March 29, 2023

/s/ Colleen E. McCarty

21

Mark J. Connot (10010)

Colleen E. McCarty (13186)

22

**FOX ROTHSCHILD LLP**

1980 Festival Plaza Drive, Ste. 700

23

Las Vegas, Nevada 89135

(702) 262-6899 tel

24

(702) 597-5503 fax

mconnot@foxrothschild.com

25

cmccarty@foxrothschild.com

26

27

28

10

Jay S. Auslander (*pro hac vice*)
Natalie Shkolnik (*pro hac vice*)
Aari Itzkowitz (*pro hac vice*)
Michael Van Riper (*pro hace vice*)
**WILK AUSLANDER LLP**
825 Eighth Avenue, Ste. 2900
New York, New York 10019
(212) 421-2902 tel
(212) 752-6380 fax
jauslander@wilkauslander.com
nshkolnik@wilkauslander.com
aitzkowitz@wilkauslander.com
mvanriper@wilkauslander.com

## **ORDER**

IT IS ORDERED that ECF No. 53 is GRANTED. The parties are advised, however, that the Court normally does not grant such lengthy discovery plans. As such, the parties are expected to work diligently to complete discovery within this schedule.

**IT IS SO ORDERED**

**DATED:** 9:09 am, March 31, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

11